UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO GARCIA, | CASE NO.   1:09-cv-01674-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| BONDOC, et al., | PLAINTIFF'S AMENDED COMPLAINT DUE JULY 11, 2011 |
| Defendants. | |

## **SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On September 22, 2009, Plaintiff Gilberto Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has consented to a Magistrate Judge handling all aspects of this case. (ECF No. 6). Plaintiff's Complaint is before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### III.  PLAINTIFF'S CLAIMS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

The Complaint identifies as Defendants Bondoc and Wong, nurse practitioners, Corcoran State Prison; McGuinness and Swingle, Chief Medical Officers, California

Department of Corrections and Rehabilitation; Wrigley, nurse practitioner, High Desert State Prison; and John Does one through ten. Plaintiff alleges the following:

Upon arriving at Corcoran in early August 2007, Plaintiff informed medical staff that he was experiencing abdominal and testicular pain. (Compl. at 6). On January 25, 2008, Plaintiff was seen by Defendant Bondoc who diagnosed a hernia that could not be treated until it ruptured. No standard hernia exam was conducted and Plaintiff's testicles were not examined because Defendant Bondoc concluded that a separate visit would be necessary. (Compl. at 7, 8).

Plaintiff submitted an administrative appeal challenging this treatment. Defendant Wong reviewed the appeal and, during a follow-up visit with Plaintiff on April 9, 2008, prescribed pain medication and x-rays. Defendant Wong diagnosed a benign lytic lesion in the right femoral neck. (Compl. at 28). Plaintiff objected to the medicine prescribed on the grounds it had already been tried unsuccessfully. (Compl. at 8). At a follow up visit at which Plaintiff complained of increasing pain, Defendant Wong prescribed Naproxen, Mapap, and a cane. (Compl. at 9). Defendant McGuinness reviewed Plaintiff's second appeal and found that Plaintiff's recourse was to request follow-up treatment in search of effective pain relief. (Id.)  At some point, Plaintiff was transferred to High Desert State Prison. By July 28, 2009, he had made numerous complaints of chronic pain to High Desert medical staff. (Compl. at 12). None of the High Desert staff members are identified; the Court assumes some may be included among the ten John Doe defendants. On September 19, 2008, Defendant Wrigley attended to Plaintiff and prescribed new medication and further exams. (Compl. at 14). The medication did not eliminate the pain. On two consecutive follow up visits Defendant Wrigley prescribed two different medications and ordered an MRI and x-rays. (Compl. at 16). Plaintiff filed multiple formal and informal appeals objecting to the course of treatment selected by his medical providers.

Plaintiff alleges that the medical treatment described above violated his Eighth Amendment right to be free from cruel and unusual punishment. The Court will address the merits of the Complaint below.

### A. Section 1983 Linkage Requirement and John Doe

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

The Court did not find mention of Defendant Swingle beyond his name being included as a defendant in the introduction of the Complaint. None of the specific factual allegations describe any action by Swingle that could be said to violate any of Plaintiff's constitutional rights. To state a claim against a named defendant he or she must be linked with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Court will grant Plaintiff leave to amend his complaint to try to state a claim against Defendant Swingle by alleging **true facts** connecting him to an alleged constitutional violation.

Further, "John Doe" defendant liability must also be properly alleged. Plaintiff included ten "John Doe" Defendants in his complaint and discussed the conduct of unknown persons, Compl. at 7, 10-13, but did not identify specifically what each "Doe" Defendant did. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

The Court shall grant Plaintiff leave to amend to link Doe defendants to alleged acts or omissions demonstrating a violation of Plaintiff's federal rights. In his amended complaint, Plaintiff shall either name the defendants involved or list the Doe defendants involved. If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### B. Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The attachments[1] to Plaintiff's First Amended Complaint indicate that x-rays

---

[1] "[A] 'court may consider material that the plaintiff properly submitted as part of the complaint . . . .'" Davis v. Calvin, 2008 WL 5869849, *2 (E.D. Cal. Oct. 1, 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688

-5-

revealed a benign lytic lesion in Plainiff's right femoral neck. (Compl. at 28). Plaintiff complained of debilitating pain that prevented him from working and conducting his daily activities. (Compl. at 11). He submitted multiple challenges to the course of treatment and consistently asked for measures that would address his pain. (Compl. at 8, 10).

The Court finds therein allegations of a serious medical condition satisfying the first element of his Eighth Amendment claim. See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

Plaintiff has failed to satisfy the second prong of the deliberate indifference analysis. Plaintiff admits he was prescribed a variety of different medications, was given a cane, and had an MRI and x-rays ordered and performed. (Compl. at 8, 9, 14, 16). Plaintiff was seen by primary care personnel (e.g., Defendant Bondoc) and was heard on appeal by medical staff (e.g., Defendants Wong, McGuinness, and Wrigley). Plaintiff's main contentions are that the course of treatment was ineffective and the process too slow: "dissatisfied with the treatment plaintiff had waited too long to receive medication previously proven ineffective." (Compl. at 8, 9). Such arguments do not allege an Eighth Amendment medical claim.

### 1. Course of Treatment

To the extent Plaintiff is alleging an Eighth Amendment violation based on the course of treatment chosen by his doctors, he has failed to state a cognizable claim. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,'

---

(9th Cir. 2001).

'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Defendant Bondoc found that treatment was not an option until Plaintiff's hernia ruptured. (Compl. at 7). Defendant Wong prescribed medication and a cane and ordered x-rays. (Compl. at 8, 9). Defendant Wrigley prescribed two new medications and then increased the dosage on a follow up visit in response to Plaintiff's complaints. (Compl. at 14, 16). It is apparent that Plaintiff was receiving treatment for his serious medical condition. The fact that Plaintiff disagrees with the course of treatment selected by the Defendants does not satisfy the deliberate indifference requirement for an Eighth Amendment claim.

To state a claim based on the course of treatment provided, Plaintiff "must show that the course of treatment the doctors chose was medical unacceptable under the circumstances, . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff has satisfied neither of these requirements. The Court will grant Plaintiff leave to amend this claim in order to address the deficiencies noted above.

        2.    Delay

To state a claim for a constitutional violation based on delayed medical care, a plaintiff must allege that the defendant purposely ignored or failed to respond to his pain or medical need. McGuckin, 974 F.2d at 1060. Moreover, where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful. Id. In Estelle, 429 U.S. at 104-05, the Supreme Court noted that the delay must be intentional in order to rise to the level of deliberate indifference. Rosado v. Alameida, 497 F.Supp.2d 1179, 1194 (S.D. Cal. 2007). Mere delay, without deliberate motivation, does not constitute cruel and unusual punishment. Di Carlo v. Schultz, 2007 WL 1241838, *2 (E.D. Cal. Apr. 24, 2007).

The Complaint fails to establish deliberate indifference with regard to any delay in providing medical care. Plaintiff alleges that the medical process at Corcoran and High Desert was slow and cumbersome and that he suffered as a result. However, there is no

allegation that Defendants acted with the requisite state of mine, i.e. intent to delay medical care. The Defendants treated Plaintiff repeatedly, albeit gradually, over a period of many months. There is no allegation that Defendants acted with deliberate indifference. In order for delay to rise to the level of deliberate indifference, Plaintiff must allege that the delay was intentional and that Plaintiff suffered harm as a result. McGuckin, 947 F.2d at 1060.

Accordingly, the Court finds that Plaintiff has failed to state a claim for deliberate indifference to a serious medical need. The Court will give Plaintiff leave to amend his complaint with regard to the alleged inadequate medical care.

## IV.  CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint,"

1 refer to the appropriate case number, and be an original signed under penalty of perjury.
2 Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as
3 true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
4 speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed September 22, 2009;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by **July 11, 2011**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   June 8, 2011                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE