UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO GARCIA,<br><br>             Plaintiff,<br><br>      v.<br><br>BONDOC, et al.,<br><br>             Defendants.<br>_____/ | CASE NO.   1:09-cv-01674-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 16)<br><br>CLERK SHALL CLOSE THE CASE |

**SCREENING ORDER**

I.   **PROCEDURAL HISTORY**

On September 22, 2009, Plaintiff Gilberto Garcia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 6.)  On June 8, 2011, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 11.)  Plaintiff's First Amended Complaint (ECF No. 16) is now before the Court for screening.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following individuals as Defendants in this action: (1) Bondoc, Nurse Practitioner, Corcoran State Prison (Corcoran); (2) Wong, Nurse Practitioner, Corcoran; (3) McGuinness, Chief Medical Officer (CMO), Corcoran; (4) Wrigley, Nurse Practitioner, High Desert State Prison (High Desert); and (5) Swingle, CMO, High Desert. Plaintiff alleges the following:

In early August of 2007, Plaintiff arrived at Corcoran and underwent an initial

2

medical screening. He complained of "abdominal and testicular pain." (Compl. at 10.) A nurse told Plaintiff that he would be referred to the "Dr. line for a check up." (Id.) Plaintiff was not immediately seen by a doctor, so he began filing medical requests. (Id. at 11.) Of the numerous medical care requests submitted by Plaintiff up until this time, Corcoran processed only two: on October 29, 2007, and January 1, 2008. (Id.)

On January 25, 2008 Plaintiff was called to see Defendant Bondoc. His pain had become intermittent but had spread beyond the testicles and into the hip, lower back, back of his legs, and feet. (Id.) Defendant Bondoc "asked questions regarding the pain" and examined Plaintiff's "abdomen by pressing her palm." (Id. at 13.) Bondoc diagnosed Plaintiff with a hernia and determined that it was not treatable until it ruptured. Bondoc did not perform the standard hernia exam or examine Plaintiff's testicles. (Id.) Plaintiff stated that he had other symptoms that he felt may be related; Bondoc told Plaintiff that new medical forms would be required for each symptom. (Id.) Plaintiff believed the symptoms were related to the underlying issue addressed in his health care request, while Bondoc believed that Plaintiff was trying to have unrelated symptoms treated under at one visit covered by a single co-payment. (Id. at 14.) Bondoc dismissed Plaintiff with his additional symptoms untreated. (Id.)

Plaintiff appealed the treatment provided and requested pain medication on February 4, 2008. Plaintiff then filed additional medical care requests. On April 9, 2008, Defendant Wong saw Plaintiff with regard to his medical appeal. (Id. at 16.) Plaintiff stated that his pain was worsening and affecting his ability to function on a daily basis. Wong prescribed ibuprofen and aspirin despite the fact that these medications had failed to treat his symptoms in the past. Wong also ordered x-rays of Plaintiff's hip. (Id.)

3

At a follow up appointment with Wong, Plaintiff stated that his symptoms continued to worsen, spread, and affect his daily activities. Plaintiff also advised that the medication was ineffective. In response, "Wong prescribed Naproxen, Mapap, and a cane." (Id. at 17.) Plaintiff thought the cane was unnecessary and thought that "Wong seemed to be prescribing unnecessary and inefective [sic] treatment thus delaying treatment to the [P]laintiff['s] serious medical need." (Id. at 18.)

On May 28, 2008, Plaintiff received a second level response to his medical appeal from Defendant McGuinness. Plaintiff was informed that the x-ray revealed "a benign lytic lesion in the right femoral neck[1], that a follow-up was scheduled," and that Plaintiff must file a medical request if he was unsatisfied with his prescription. (Id.) Plaintiff was transferred to High Desert on June 18, 2008. (Id. at 20.)

At High Desert Plaintiff was given aspirin and naproxen, both of which were ineffective. (Id. at 21.) On July 1, 2008, Plaintiff met with a nurse who discussed with Plaintiff the treatment he had received thus far and referred him to a doctor. In August of 2008, Plaintiff reviewed his medical records and discovered that Defendant Wong failed to prescribe or renew certain prescriptions around the time Plaintiff was transferred from Corcoran to High Desert. (Id. at 23.)

After filing additional medical requests, Plaintiff was seen by Defendant Wrigley on September 12, 2008, who informed Plaintiff that he would be treated in two days at a regular appointment. (Id. at 24, 25.) The scheduled appointment was delayed five days.

---

[1] Plaintiff sought clarification of a "benign lesion" at least twice. One nurse described it as a small hip fracture (id. at 20) and a second nurse stated that it was either a small fracture or a cartilage growth (id. at 24).

4

At the appointment Wrigley "heard the [P]laintiff out" and prescribed new medication, further examination, physical therapy, and further explained the results of the x-rays conducted in May. (Id. at 27, 28.)

At an October follow up appointment with Wrigley, Plaintiff requested more effective medication. Wrigley initially denied his request pending MRI and x-ray results and then, at an appointment two weeks later, ordered new medication and increased existing dosages. (Id. at 29, 30.) On December 10, 2008, Defendant Swingle responded to one of Plaintiff's medical appeals by stating that any modification in pain medication would have to wait until tests were completed. (Id. at 31.)

Plaintiff asserts that the aforementioned medical care provided by the Defendants violated his Eighth Amendment rights.

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges that the Defendants denied him adequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

6

(citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

### A.   Serious Medical Need

Plaintiff complained of recurring pain that limited his ability to carry out daily activities. He was diagnosed with a hernia and x-rays revealed either a small hip fracture or cartilage growth. Defendants Bondoc, Wong, and Wrigley each found Plaintiff's condition worthy of treatment. The pain, diagnoses, and treatment were reflected on the responses to inmate appeals signed by Defendants McGuinness and Swingle. The Court finds Plaintiff has made allegations of a serious medical condition satisfying the first

element of Plaintiff's Eighth Amendment claim. See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

### B.   Deliberate Indifference

Plaintiff alleges that each of the Defendants exhibited deliberate indifference by denying or delaying his medical care.  However, the factual allegations contained in the First Amended Complaint are substantially identical to those put forth by Plaintiff in his original complaint which the Court previously found insufficient to satisfy the deliberate indifference requirement.  Plaintiff has alleged nothing new to warrant a different conclusion.

Defendant Bondoc saw Plaintiff on January 25, 2008, in response to Plaintiff's medical request.  She concluded that Plaintiff had a hernia that would not be treatable until it ruptured. (Compl. at 13.)  Plaintiff appealed this treatment and was seen by Defendant Wong on April 9, 2008.  Defendant Wong prescribed medication and ordered an x-ray.  At a follow-up appointment Wong changed Plaintiff's medication and provided Plaintiff with a cane. (Id. at 16, 17.)  X-rays were taken in May of 2008 and Defendant McGuinness informed Plaintiff of the results, that Plaintiff was scheduled for a follow-up appointment, and instructed Plaintiff to file a medical request if his medication was unsatisfactory. (Id. at 18.)  Plaintiff was then transferred to High Desert where a cocktail of medication continued for some time. (Id. at 20, 21.)  In September of 2008, Defendant Wrigley prescribed a new combination of medication, further examination, and ordered physical

therapy. (Id. at 27, 28.) Defendant Wrigley saw Plaintiff twice more in October of 2008. At the first appointment, Plaintiff's request for additional medication was denied and Wrigley ordered additional tests. At the second appointment, after the testing was complete, Plaintiff's medication was increased. (Id. at 29, 30.) On December 10, 2008, Defendant Swingle responded to Plaintiff's medical request by informing him that any modification in medication would have to occur after tests were completed. (Id. at 31.)

The facts alleged indicate that the Defendants provided Plaintiff with significant medical attention, albeit slowly and over a period of many months. Plaintiff has renewed his original claims that the treatment was inadequate and Plaintiff was forced to continually request follow-up appointments. It is the delay between appointments that Plaintiff feels violated his Eighth Amendment right to medical care.

As the Court stated in its previous screening order, Plaintiff has not adequately alleged that Defendants' course of treatment was medically unacceptable under the circumstances. Instead, Plaintiff simply disagrees with the care he was provided. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin, 662 F.2d at 1344. Even if there were instances where Plaintiff was correct and the Defendants made a mistake, the conduct described does not rise above malpractice, which can not state a cognizable claim. Estelle, 429 U.S. at 106. There are no facts to indicate that the period of delay Plaintiff experienced between appointments was the product of deliberate indifference on the part of any of the Defendants.

## V. **CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's First Amended

Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   February 29, 2012           /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE